# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>                              Petitioner,<br>   v.<br>UPRIGHT SHORING & SCAFFOLD, INC.; AMERICAN SCAFFOLD; AND AMSCAFF, LLC,<br><br>                              Respondents.<br>_____<br>AMERICAN SCAFFOLD; AND AMSCAFF, LLC,<br><br>                              Counter-Petitioners<br>   v.<br>SOUTHWEST REGIONAL COUNCIL OF CARPENTERS; UPRIGHT SHORING & SCAFFOLD, INC.,<br><br>                              Counter-Respondents. | CASE NO. 17CV1509 WQH-NLS<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are the Petition to Confirm Arbitration Award filed by Petitioner Southwest Regional Council of Carpenters (ECF No. 1); the Motion to Dismiss the Counter-Petition of American Scaffold and AMSCAFF, LLC and to Strike

the Affirmative Defenses filed by Petitioner (ECF No. 13); and the Motion to Strike the Answer to the Complaint and Affirmative Defenses of Upright Shoring & Scaffold, Inc. filed by Petitioner (ECF No. 14).

## I. Background

On July 25, 2017, Petitioner Southwest Regional Council of Carpenters ("Petitioner Union") filed a Petition to confirm an arbitration award dated April 7, 2017 in Grievance #13-26 finding that Upright Shoring & Scaffold, Inc. ("Upright"), American Scaffold, and AMSCAFF, LLC ("AMSCAFF") were and are joint employer/alter egos of each other. (ECF No. 1). Petitioner moved the Court for a judgment confirming the arbitration award and a judgment against Respondents Upright, American Scaffold, and AMSCAFF in conformity with the arbitration award. The Petition was filed as a motion with a Memorandum of Points and Authorities, the Declaration of Counsel, and exhibits.

On September 15, 2017, Respondents American Scaffold, and AMSCAFF filed an Answer and Counter-Petition to vacate the arbitration award. (ECF No. 9). Respondents American Scaffold and AMSCAFF assert that the arbitrator lacked jurisdiction and exceeded his powers by hearing the grievance, by finding Upright to be an alter ego of American Scaffold and AMSCAFF, and by entering an award against American Scaffold and AMSCAFF both of which are not signatory to any collective bargaining agreement or arbitration agreement.

On September 21, 2017, Respondent Upright filed an Answer to the Petition setting forth twelve affirmative defenses and requesting that the Court dismiss the Petition and vacate the arbitration award. (ECF No. 11).

On October 2, 2017, Respondents American Scaffold and AMSCAFF filed a Response in Opposition to the Petition to Confirm the Arbitration Award and in Support

of the Counter-Petition to Vacate the Arbitration Award. (ECF No. 12).[1] Respondents American Scaffold and AMSCAFF assert that the arbitrator exceeded his authority by issuing an arbitration award against them because they were not parties to the grievance or the arbitration proceedings.

On October 06, 2017, Petitioner Union filed a Motion to Dismiss the Counter-Petition filed by Respondents American Scaffold and AMSCAFF and a Motion to Strike the Affirmative Defenses and Prayer for Relief. (ECF No. 13). Petitioner asserts that Respondents American Scaffold and AMSCAFF did not challenge the arbitration award in a timely manner and cannot now challenge the arbitration award for any reason other than arbitrability. Petitioner further contends that Respondents American Scaffold and AMSCAFF may not prevail on any arguments regarding arbitrability that Respondent Upright could have made during the arbitration. Petitioner contends that Respondents American Scaffold and AMSCAFF waived any challenge to the arbitrator's jurisdiction over them by their conduct during the arbitration.

On October 12, 2017, Petitioner Union filed a Motion to Strike the Affirmative Defenses and Prayer for Relief filed by Respondent Upright in the Answer to the Petition to Confirm the Arbitration Award. (ECF No. 14). Petitioner contends that the Answer was not a timely challenge to any aspect of the award other than arbitrability. Petitioner further contends that the broad language of the arbitration clause placed all arbitrability issues before the arbitrator and Respondent Upright waived any further challenge to the arbitrator's decision.

On October 30, 2017, Respondents American Scaffold and AMSCAFF filed an Opposition to Petitioner's Motion to Dismiss the Counter-Petition. (ECF No. 16). American Scaffold and AMSCAFF contend that the Counter-Petition was timely filed. American Scaffold and AMSCAFF further contend that arbitrability as a defense is not

---

[1] In the response, Respondents "submit that the Court should strike and disregard Petitioner's Memorandum of Points and Authorities attached to the Petition." (ECF No. 12 at 9). However, Respondents did not file a motion to strike and submitted their "Memorandum of Points and Authorities in opposition to Petition to Confirm . . . Arbitration award." (ECF No. 12).

waived by an untimely motion to vacate. American Scaffold and AMSCAFF contend that they did not agree by conduct to submit to arbitration, that they did not enter an appearance at the arbitration, and that they expressly objected to the Arbitrator exercising any authority against them. American Scaffold and AMSCAFF contend that they cannot be bound to an agreement to arbitrate between the Petitioner Union and Respondent Upright to which they were not parties.

On November 6, 2017, Petitioner Union filed a Reply to the Opposition to the Motion to Dismiss the Counter-Petition. (ECF No. 18).

On November 6, 2017, Respondent Upright filed an Opposition to Petitioner's Motion to Strike the Affirmative Defenses and Prayer for Relief in the Answer filed by Respondent Upright. (ECF No. 19). Respondent Upright asserts that it had no duty to arbitrate because the Union had terminated its collective bargaining agreement with Upright and the arbitrator lacked authority to decide alter ego status.

On November 13, 2017, Petitioner Union filed a Reply to the Opposition filed by Respondent Upright. (ECF No. 23).

On February 27, 2018, the Court held oral argument on the "Petition to confirm and all pending motions." (ECF No. 24).

## II. The Arbitration

Respondent Upright was a signatory to several collective bargaining agreements with the Petitioner Union, including the Carpenter Memorandum Agreement for Scaffold Contractors 2006-2010 and the Carpenter Memorandum Agreement 2006-2010 signed on or about April 8, 2008. Paragraph 1 of both Agreements state that the signer "agrees to comply with all the terms, including wages, hours, and working conditions and rules set forth in the Agreement referred to as Master Labor Agreement between United General Contractors Association, Inc. and the Petitioner Union, dated July 1, 2006 . . . and any renewals modifications or subsequent Master Labor Agreements. . . ." (ECF No. 1-4 at 2, 20).

Section 102.3 of the Master Labor Agreement ("MLA") provides:

> In order to protect and preserve, for the employees covered by this Agreement, all work hertofore performed by them, and in order to prevent any device or subterfuge to avoid the protections and preservation of such work, it is hereby agreed as follows: If and when the Employer shall perform any on-site construction work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership, or any other business entity, including a joint venture, wherein the Employer (including its officers, directors, owners, partners or stock-holders) exercise either directly or indirectly (such as through family members) any legally sufficient degree of ownership, management or control, the terms and conditions of this Agreement shall be applicable to all such work on that job or project.

*Id.* at 29.

Section 102.3.1 of the MLA provides in part:

> All charges of violations of Paragraph 102.3 of this Article, shall be considered as a dispute under the Agreement and shall be processed in accordance with the procedures for handling of grievances and the final binding resolution of disputes, as provided in Article VI of this Agreement.

*Id.* at 30.

Section 601.4 of the MLA provides in part "[t]hat Contractor and Union agree to submit all disputes concerning the interpretation or application of the Agreement to arbitration under Article VI." *Id.* at 39. The MLA was extended, up to and through the 2012-2016 MLA and the provisions cited above remained the same.

On or about November 25, 2013, Petitioner Union filed a grievance against "UPRIGHT SHORING AND SCAFFOLD." *Id.* at 177. The Grievance Form stated:

> **Brief description of alleged violation:** PERFORMING BARGAINING UNIT WORK THROUGH NON SIGNATORY ALTER EGO / SINGLE EMPLOYER / SUCCESSOR ENTITIES INCLUDING AMERICAN SCAFFOLD, AMERICA'S CHOICE SCAFFOLD AND ANOTHER ENTITY

*Id.* On or about September 24 and 25, 2014; January 6 and 7, February 9, November 17, 2015; and February 29, March 31, and April 1, 2016--nine days total--a hearing was held on the grievance before an arbitrator. Petitioner Union and Respondent Upright presented evidence and testimony from witnesses at the hearing. After the hearing, the parties submitted written argument.

On or about February 6, 2015, Respondent Upright filed a Chapter 11 voluntary

petition in the United States Bankruptcy Court for the Southern District of California. Petitioner filed a motion for relief from the stay in order to continue the arbitration and to confirm any eventual award. The Bankruptcy Court granted the motion to continue the arbitration and to confirm any eventual award adding that Petitioner "may then return to this court for final adjudication of its proof of claim and to seek further stay relief to enforce any arbitral award as appropriate." *Id.* at 246.

On October 29, 2015, Mick Ruis on behalf of American Scaffold sent a letter to Mitchell Weiss of the Independent Contractors Grievance and Arbitration Trust Fund stating:

> We are in receipt of the Notice of Arbitration from your office for November 17, 2015. That notice indicates a copy to our company.
>
> Please be advised that our company is not signatory to an arbitration agreement with the Carpenters' Union, nor is our company a party to this arbitration proceeding. That has been made clear in your arbitration until Upright previously. (sic) All questions and issues regarding the arbitrability of any disputes or any claims which the Carpenters' Union may have with this company are reserved for the courts. To state it again, our company does not consent to arbitration nor does it consent to the arbitrator making any decisions about our company in anyway. All of these positions set forth in this paragraph also apply to me personally as well.
>
> Please include this letter in the official record of this matter and request the arbitrator to do so as well. A copy of this letter is being sent to the arbitrator. . . .

*Id.* at 179. On this same date, Mick Ruis sent a letter on behalf of AmScaff, LLC stating as above to Mitchell Weiss of the Independent Contractors Grievance and Arbitration Trust Fund. *Id.* at 180.

On April 7, 2017, the Arbitrator issued an Arbitration Decision and Award ("the Award") naming as Respondents "Upright Shoring & Scaffold, Inc., American Scaffold and AmScaff, LLC". *Id.* at 182. The Award stated in conclusion, "Based on the foregoing, and on the entirety of the record, I find and conclude that Upright did not rebut the *prima facie* case. I also find and conclude that the weight of the evidence demonstrated that Upright Shoring & Scaffold, Inc., American Scaffold and AmScaff, LLC were and are joint employer/alter egos of each other." *Id.* at 238.

### III. Contentions of the Parties

Petitioner contends that the award of the arbitrator should be summarily confirmed under Section 301 of the LMRA, 29 U.S.C. § 185, and Section 9 of the FAA, 9 U.S.C. § 9. Petitioner asserts that the Arbitrator decided only the issues presented and the award was not contrary to public policy. Petitioner moves to dismiss the Counter-Petition filed by Respondents American Scaffold and AMSCAFF on the grounds that the period for challenging the arbitration award has expired and that Respondents American Scaffold and AMSCAFF waived any challenge to the arbitrator's jurisdiction by their conduct during the arbitration. Petitioner moves to strike the Answer filed by Respondent Upright on the grounds that the period for challenging the Award has expired and that Respondent Upright may not prevail on any arguments about arbitrability under the broad arbitration clause.

Respondents American Scaffold and AMSCAFF contend that the arbitrator lacked jurisdiction because they were not parties to any arbitration agreement. Respondents American Scaffold and AMSCAFF assert that the Award is unenforceable, that the award cannot be confirmed, and that the counter-petition should be granted vacating the arbitration award. Respondents American Scaffold and AMSCAFF contend that only the district court can determine that they are bound by the bargaining agreement to arbitration as an alter ego of Upright.

Respondent Upright contends that it was not signatory to a collective bargaining agreement with the Petitioner at the time the grievance was filed and that the arbitrator lacked jurisdiction to determine the alter-ego status.

### IV. Applicable Law

"It is well-settled that federal labor policy favors the resolution of disputes through arbitration; thus, judicial scrutiny of an arbitrator's decision is *extremely* limited." *Southern Cal.Gas Co. v. Utility Workers Union of America, Local 132*, 265 F.3d 787,792 (9th Cir. 2001). "In reviewing an arbitral award, "[c]ourts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in

- 7 -

17cv1509 WQH

reviewing decisions of lower courts." *Hawaii Teamsters and Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1180–81 (9th Cir. 2001) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). If an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (quoting *Misco*, 484 U.S. at 38). "Only where the arbitrator ignores the contract's plain language, choosing instead to dispense his own brand of industrial justice, may we question his judgment." *Southern California Gas Company*, 265 F.3d at 792 (citing *Teamsters Local Union 58 v. Boc Gases*, 249 F.3d 1089, 1093 (9th Cir. 2001)).

**V. Respondent Upright**

**A. Motion to Strike** (ECF No. 14).

Upright confirmed at oral argument that it was served with the Award by the arbitrator in April 2017. Cal. Code Civ. Proc. § 1288 provides:

> A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner.

Where party did not move to vacate arbitrator's award, all defenses except for "arbitrability" are time barred. *Sheet Metal Workers Intern. Ass'n, Local No. 359, AFL-CIO v. Arizona Mechanical & Staniless, Inc.*, 863 F.2d 647, 651 (9th Cir. 1988). Respondent Upright was required to file a petition to vacate or correct the award within 100 days of the service. Cal. Code Civ. Proc. § 1288. All defenses of Upright except for arbitrability are time barred by Cal. Code Civ. Proc. § 1288.

Petitioner Union's Motion to Strike Upright's prayer for relief and Upright's affirmative defenses other than arbitrability (ECF No. 14) is granted.

**B. Petition to Confirm the Award** (ECF No. 1)

Respondent Upright advances the defense that the MLA was terminated prior to

the grievance and that the alter ego issue is not arbitrable. The arbitration clause in the MLA Section 601.4 provides that "all disputes concerning the interpretation or the application of the Agreement" shall be submitted to arbitration. (ECF No. 1-4 at 39). The termination issue and the authority to decide the alter ego question are arbitration issues covered by the broad language of the MLA. The arbitrator was applying the agreement and acting within the scope of his authority. In this case, these issues were fully submitted to the arbitrator by Respondent Upright and fully decided by the arbitrator. "A claimant may not voluntarily submit his claim to arbitration, await the outcome, and if the decision is unfavorable, then challenge the authority of the arbitrator to act." *Ficek v. Southern Pac. Co.* 338 F.2d 655, 657 (9th Cir. 1964).

Given the broad arbitrability clause in the MLA, Petitioner Union is entitled to prevail on the Petition to confirm the arbitration against Respondent Upright.

## VI. Respondents American Scaffold and AMSCAFF

### A. Motion to Dismiss (ECF No. 13)

Respondents American Scaffold and AMSCAFF contend that they were not served with the Award until the Petition in this case was served on August 25, 2017. Respondents American Scaffold and AMSCAFF contend that they were not parties to the arbitration and did not consent to any form of electronic service of the arbitration agreement by Petitioner Union. Respondents American Scaffold and AMSCAFF assert that the Counter-Petition to vacate the Award was filed well within the 100-day limitation period in Cal. Code Civ. Proc. § 1288. Even if not timely filed, Respondents assert that arbitrability under a theory of alter ego is a threshold issue of arbitrability that must be decided in the district court.

Petitioner Union contends that a signed copy of the Award was served on "American Scaffold's attorney" by email on April 7, 2017, constituting electronic service. (ECF No. 13-1 at 11). Petitioner Union asserts that "this attorney was Van Allyn Goodwin, Esq., of Littler Mendelson, P.C., the same firm that now represents American Scaffold and AmScaff." *Id.* Petitioner Union asserts Goodwin was

American Scaffold's attorney on April 7, 2017, triggering the 100-day period.

Exhibit 1 to the Declaration of Yuliya Miroyan includes an email as follows:

> From: Desmond Lee
> Sent: Friday, April 07, 2017 2:01 pm
> To: Goodwin, Van Allyn . . .
> Subject: Upright Arbitration Decision
>
> Good afternoon, Goodwin.
>
> Enclosed please find Lou's Zigman's decision and his signature page in the Upright arbitration matter.
>
> Desmond C. Lee, Esq.

(ECF No. 13-4 at 2).[2] The Court concludes that the email from Counsel for Petitioner to counsel at the firm that represents the Respondents American Scaffold and AMSCAFF purporting to attach the Award does not satisfy the requirements of Cal. Code Civ. Proc. § 1288. The record does not establish that Respondents American Scaffold and AMSCAFF consented to any form of electronic service. Even if this email was service, the defense of "arbitrability" would not be time-barred. *See Sheet Metal Workers Intern. Ass'n, Local No. 359, AFL-CIO*, 863 F.2d at 651. Petitioner's motion to dismiss the Counter-Petition of American Scaffold and AMSCAFF and to strike their affirmative defenses is denied.

**B. Petition to Confirm the Award** (ECF No. 1)

The Petition alleges and the arbitrator found that Respondent Upright was a signatory to enforceable collective bargaining agreement provisions and that "the weight of the evidence demonstrated that Upright Shoring & Scaffold, American Scaffold and AmScaff were and are joint employer/alter egos of each other." (ECF No.

---

[2] Petitioner requests that the Court take judicial notice of this email. (ECF No. 13-2). Respondents object on the ground that the email is not properly authenticated and cannot be used by Petitioner to show proper service. Because the Court does not find this email to be proper service, the Court takes judicial notice of the email for the purpose of determining the statements contained therein and for no other purpose. The request for judicial notice (ECF No. 13-2) is granted.

1-4 at 238).³ "It is a settled principle of labor law that 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *George Day Const. Co. v. United Broth. of Carpenters*, 722 F.2d 1471, 1474 (9th Cir. 1984) (internal citation omitted). "A party cannot be compelled to arbitrate if an arbitration clause does not bind the party." *Ralph Andrew Productions, Inc. v. Writers Guild of America, West*, 938 F.2d 128, 130 (9th Cir. 1991). There is no contractual basis asserted in the Petition for the arbitrator to exercise any authority over Respondents American Scaffold and AMSCAFF.

Petitioner Union contends that Respondents American Scaffold and AMSCAFF agreed by conduct to submit to arbitration. Petitioner Union asserts that Respondents American Scaffold and AMSCAFF were in fact represented at the arbitration because Upright and American Scaffold were initially both represented by the same firm. Petitioner Union asserts that American Scaffold's second counsel actively participated in days six and seven of the arbitration despite claiming not to be making an appearance. Petitioner Union asserts that counsel for American Scaffold and AMSCAFF made substantive arguments regarding alter ego despite sending in letters in 2015 objecting to the arbitration.

Respondents American Scaffold and AMSCAFF assert that they were not parties to any arbitration agreement, that they were not named as a party to the grievance, and they were not a party to the arbitration. Respondents American Scaffold and AMSCAFF assert that they were not present for the arbitration except when testifying as witnesses, and that they did not enter an appearance at the arbitration. Respondents American Scaffold and AMSCAFF assert that they expressly reserved their objection to the arbitrator exercising any authority over them prior to attending the arbitration hearing.

---

³ American Scaffold had terminated its collective bargaining agreement with the Union effective June 30, 2012, more than one year prior to the Grievance. AmScaff was never signatory to a collective bargaining agreement.

Parties to an arbitration agreement can "allow the arbitrator to decide the question of arbitrability . . . even though [the agreement to decide arbitrability] is collateral to the collective bargaining agreement containing the arbitration clause." *George Day Constr. Co.*, 722 F.2d at 1475. The Court of Appeals further explained that "[c]onsent to grant the arbitrator such authority may be implied from the conduct of the parties in the arbitration setting." *Id.* (Employer who argued arbitrability along with merits and submitted the case for decision consented to allow the arbitrator to decide the entire controversy.); *see also Van Waters & Rogers Inc. v. IBT, Local 70*, 913 F2d 736 (9th Cir. 1990) (Employer who preserved the jurisdictional question on record had not waived any issue of arbitrability which existed.); *International Brotherhood of Teamsters, Local 117 v. Washington Employers, Inc.*, 557 F.2d 1345, 1350 (9th Cir. 1977) (Defendant who agreed to arbitrate the dispute was not entitled to later resist the arbitration award on the grounds that the arbitrator was foreclosed from applying the very statutes that the parties had stipulated should apply.); *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 656 (9th Cir. 1964) (agreement to arbitrate the particular issue implied from the conduct of the parties).

In this case, there was no contractual agreement to arbitrate any dispute between Petitioner Union and Respondents American Scaffold and AMSCAFF. Respondents American Scaffold and AMSCAFF expressly informed the Independent Contractors Grievance and Arbitration Trust Fund that the companies were not signatories to an arbitration agreement and did not consent to arbitration or to the arbitrator making any decisions about the companies. The transcripts of the arbitration proceedings submitted by Petitioner show that Respondents American Scaffold and AMSCAFF appeared at the arbitration when required as witnesses. Accepting the allegations of the Petition and the evidence submitted in support of the Petition, there are no facts that would entitle Petitioner to prevail on the grounds that consent to arbitrate may be implied from the solely from conduct of non-signatories American Scaffold and AMSCAFF in the arbitration setting.

Finally, Respondents American Scaffold and AMSCAFF contend that the Award cannot be confirmed because the arbitrator lacked authority to determine alter ego status. Respondents American Scaffold and AMSCAFF assert that only a district court has the authority to resolve the claim that they are bound by alter ego status to the agreement of Respondent Upright to arbitrate with Petitioner Union.

Petitioner Union contends that Respondents American Scaffold and AMSCAFF may not prevail on any argument about arbitrability to the extent the arguments could have made by Upright because Upright waived its right to challenge arbitrability in court. Petitioner Union contends that Upright made arguments regarding alter ego at the arbitration and Respondents American Scaffold and AMSCAFF cannot now make additional arguments based upon alter ego issues.

"Ordinarily, binding a non-signatory to a CBA runs afoul of the fundamental premise that 'a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.'" *Local Union No. 38, Sheet Metal Workers' International Association, AFL v. Custom Air Systems, Inc.*, 357 F.3d 266, 268 (9th Cir. 2004) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigator Co.*, 363 U.S. 574, 582 (1960)). "The theory of alter ego [is] a doctrine that provides an analytical hook to bind a non-signatory to a collective bargaining agreement." *Id.* (internal citation omitted). "Arbitrability vis a vis a non signatory is for the district court to decide." *Id*; *see also, Ralph Andrews Productions, Inc. v. Writers Guild of America, West*, 938 F.2d 128, 130 (9th Cir. 1991) ("Whether Andrews was bound by the bargaining agreement as an alter ego was a question originally for the district court.").

In this case, there is no contractual basis for the arbitrator to exercise authority over Respondents American Scaffold and AMSCAFF. Respondents American Scaffold and AMSCAFF are not bound signatories to a collective bargaining agreement which required arbitration, and Respondents did not agree by conduct to submit to arbitration. Whether Respondents American Scaffold and AMSCAFF as non-signatories to any collective bargaining agreement can be bound by the bargaining agreement as an alter

ego is a "question originally for the district court." *Ralph Andrews Productions, Inc.* 938 F.2d at 130. The Court concludes that the arbitrator exceeded the scope of his authority by entering an award against Respondents American Scaffold and AMSCAFF. Petitioner Union is not entitled to prevail on the Petition to confirm the arbitration against Respondents American Scaffold and AMSCAFF .

**VII. Conclusion**

IT IS HEREBY ORDERED that the Petition to Confirm Arbitration Award (ECF No. 1) is GRANTED as to Respondent Upright and DENIED as to Respondents American Scaffold and AMSCAFF; the Motion to Dismiss the Counter-Petition of American Scaffold and AMSCAFF, LLC and to Strike the Affirmative Defenses (ECF No. 13) is DENIED; and the Motion to Strike the Answer to the Complaint and Affirmative Defenses of Upright Shoring & Scaffold, Inc. (ECF No. 14) is GRANTED. Parties shall file a status report regarding the resolution of the Counter-Petition to vacate within 30 days of the date of this order.

DATED: March 8, 2018

**WILLIAM Q. HAYES**
United States District Judge